1   BRIAN L. JOHNSRUD, State Bar No. 184474
    bjohnsrud@curleyhessinger.com
2   LINDSEY K. SCHROEDER, State Bar No. 245425
    lschroeder@curleyhessinger.com
3   CURLEY, HESSINGER & JOHNSRUD LLP
    530 Lytton Avenue, 2nd Floor
4   Palo Alto, CA 94301
    Telephone: 650.617.3270
5   Facsimile:  650.617.3269

6   Attorneys for Defendants
    U.S. BANK NATIONAL ASSOCIATION and
7   MICHAEL HART, an individual

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  CHRISTOPHER SCHIMMEL,              Case No.    CV12 05922 GHK FMOx

13                   Plaintiff,         **NOTICE OF REMOVAL OF CIVIL
                                        ACTION UNDER 28 U.S.C. §1441(b)**
14             v.

15  US BANK NATIONAL
    ASSOCIATION; MICHAEL HART,                    BY FAX
16  an individual; and DOES 1 through
    50, inclusive,
17
                     Defendants.
18

19  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

20  **CENTRAL DISTRICT OF CALIFORNIA:**

21          PLEASE TAKE NOTICE THAT Defendants U.S. Bank National

22  Association ("Defendant U.S. Bank") and Michael Hart ("Defendant Hart"),

23  (collectively "Defendants"), by and through their attorneys, submit this Notice of

24  Removal and, pursuant to 28 U.S.C. §1441, remove to this Court the state action

25  described below:

26          1.      On or about May 16, 2012, Plaintiff Christopher Schimmel

27  ("Plaintiff") filed a Complaint in the Superior Court of the State of California in

28

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

                            1          DEFENDANTS' NOTICE OF REMOVAL OF
                                             ACTION (CASE NO. _____)

1    and for the County of Los Angeles, Case No. BC484496, captioned *Christopher*

2    *Schimmel v. US Bank National Association; Michael Hart, an individual; and Does*

3    *1-50, inclusive.*  A true and correct copy of the Complaint is attached as Exhibit A.

4    On June 12, 2012, Plaintiff served the Complaint and Summons on Defendant U.S.

5    Bank by personal service (proof of service attached as Exhibit B) and Defendant

6    Hart by substitute service (proof of service attached as Exhibit C).

7           2.      On July 9, 2012, Defendants answered Plaintiff's Complaint.  A true

8    and correct copy of Defendants' Answer is attached as Exhibit D.  No other

9    proceedings have been held in this action and the Complaint and Answer constitute

10    all process, pleadings and orders filed in this case.

11           3.      This Notice of Removal is timely filed, pursuant to 28 U.S.C.

12    §1446(b), in that it is filed within thirty (30) days of service of the Complaint and

13    Summons.  No previous Notice of Removal has been filed or made with this Court

14    for the relief sought herein.

15           4.      Plaintiff, at the time this action was commenced, was and still is a

16    citizen of the State of California, and a resident of the State of California.  *See*

17    Exhibit A, at ¶ 1.

18           5.      At the time the Complaint was filed and presently, Defendant U.S.

19    Bank is a national banking association.  Defendant U.S. Bank's main office, as set

20    forth in its articles of association, is in Cincinnati, Ohio.  Accordingly, Defendant

21    U.S. Bank was and is a citizen of Ohio, solely, for diversity jurisdiction purposes.

22    *See* 28 U.S.C. § 1348 ("All national banking associations shall, for purposes of all

23    other actions by or against them, be deemed citizens of the States in which they are

24    respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct.

25    941, 945 (2006) (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is

26    a citizen of the state in which its main office, as set forth in its articles of

27    association, is located.").  The Doe defendants named in the Complaint have no

28    effect on this removal.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

2

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION (CASE NO. _____ )

1    (9th Cir. 1998); 28 U.S.C. § 1441(a) (for removal purposes, the citizenship of

2    defendants sued under fictitious names shall be disregarded).

3          6.      This action is a civil action of which the Court has original jurisdiction

4    pursuant to 28 U.S.C. §1332. This entire action is one that may be removed to this

5    Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a

6    civil action between a citizen of the State of California (Plaintiff) and a citizen of

7    Ohio (Defendant U.S. Bank).

8          7.      Plaintiff's tactical attempt to destroy diversity jurisdiction through the

9    fraudulent joinder of individual Defendant Hart should be disregarded. "If the

10    plaintiff fails to state a cause of action against a resident defendant, and the failure

11    is obvious according to the settled rules of the state, the joinder of the resident

12    defendant is fraudulent." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339

13    (9th Cir. 1987). Such fraudulently joined "sham defendants" are disregarded for

14    purposes of subject matter jurisdiction, and the Court's exercise of diversity

15    jurisdiction is proper. *Id.* Here, Plaintiff fraudulently joined Defendant Hart to his

16    first cause of action for defamation and second cause of action for intentional

17    infliction of emotional distress, the only two claims on which he is named as a

18    defendant.

19    **PLAINTIFF'S DEFAMATION CLAIM AGAINST DEFENDANT HART**

20    **FAILS FOR TWO SEPARATE AND INDEPENDENT REASONS:**

21          8.      First, Plaintiff cannot state a claim for defamation because the

22    statement allegedly made by Defendant Hart is protected under the manager's

23    privilege. The manager's privilege "protects a manager's right to manage

24    personnel … without fear of independent liability, absent concrete and specific

25    allegations that such actions were *entirely* for the benefit of the individual."

26    *Kacludis v. GTE Sprint Communications Corp.,* 806 F. Supp. 866, 872 (N.D. Cal.

27    1992) (emphasis in original). The manager's privilege applies where the manager's

28    acts were motivated, even in part, by a good faith intent to benefit the company's

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

3

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION (CASE NO. _____ )

1   interest. *See Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir.1982)

2   (attorney for corporation found not liable for tortious interference with contract

3   where his advice was intended at least in part to benefit the corporation); *McCabe,*

4   811 F.2d at 1339 (corporate managers not liable for wrongful discharge because the

5   complaint did not allege that they acted on their own initiative, but that their

6   decisions were ratified by the corporation).  A communication by a manager about

7   an employee's qualifications is "paradigmatic of the sort of activities protected by

8   the manager's privilege." *Kacludis*, 806 F. Supp. at 872.  Here, Plaintiff's

9   defamation claim relies solely on the alleged statement by Defendant Hart – in

10  connection with a work meeting – that Plaintiff "was fired" from his former

11  employment.  Exhibit A, ¶ 10.  Plaintiff alleges that, in making this alleged

12  statement, Defendant Hart was acting within the course and scope of his

13  employment with Defendant U.S. Bank (Exhibit A, ¶ 5) and that high level

14  management employees of Defendant U.S. Bank "approved and ratified" the

15  statement.  Exhibit A, ¶ 16.  Accordingly, based on Plaintiff's own allegations, the

16  manager's privilege protects Defendant Hart from being named a defendant on

17  Plaintiff's defamation claim. *Kacludis*, 806 F. Supp. at 872; *McCabe,* 811 F.2d at

18  1339.

19          9.      Second, in addition to the manager's privilege, the alleged statement

20  by Defendant Hart cannot support a defamation claim as a matter of law.  Plaintiff

21  alleges that the statement is "slanderous per se" as it accuses Plaintiff of

22  "malfeasance in the performance of his job duties."  Exhibit A, ¶16.  This, however,

23  is exactly the type of statement held not to be defamatory as a matter of law.  *Moyer*

24  *v. Amador Valley J. Union High School Dist.,* 225 Cal. App. 3d 720, 725, 275 Cal.

25  Rptr. 494, 497 (1990) (statements that employee was a "babbler" and the "worst

26  teacher" at a particular school were not defamatory); *Jensen v. Hewlett-Packard*

27  *Co.,* 14 Cal. App. 4th 958, 970-71, 18 Cal. Rptr. 2d 83, 89-90 (1993) (holding that

28  statements made by a manager about the employee's quality of work were not

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

4

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION (CASE NO. _____ )

1   defamatory); *Gould v. Maryland Sound Indus., Inc.,* 31 Cal. App. 4th 1137, 1154,

2   37 Cal. Rptr. 2d 718, 728 (1995) (finding a statement accusing Plaintiff of "poor

3   performance" "is clearly a statement of opinion" and not defamatory).  Other courts

4   have followed this same rule.  *See, e.g., Fairbanks Publishing Co. v. Pitka,* 445

5   P.2d 685, 689 (Alaska 1968) (publication that an employee was fired, even though

6   he/she had actually resigned, cannot support a claim of defamation); *Jones v. Keith,*

7   2002 WL 273141 (D. Minn. Feb. 25, 2002) ("Stating that a person has been fired

8   does not constitute defamation per se because the fact does not necessarily injure or

9   discredit the discharged employee.").  In sum, for two separate and independent

10  reasons, Defendant Hart has been fraudulently joined to Plaintiff's defamation

11  claim.

12  **PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

13  **CLAIM AGAINST DEFENDANT HART FAILS FOR TWO SEPARATE**

14  **AND INDEPENDENT REASONS:**

15          10.     First, the alleged conduct upon which Plaintiff bases his intentional

16  infliction of emotional distress claim is protected by the manager's privilege.  To

17  support his intentional infliction of emotional distress claim, Plaintiff relies on the

18  same alleged conduct underlying his defamation claim; that is, the alleged

19  statement by Defendant Hart that Plaintiff "was fired" from his prior employment.

20  Accordingly, the manager's privilege applies for the same reasons set forth above in

21  paragraph 8 and shields Defendant Hart from liability for intentional infliction of

22  emotional distress.  *Kacludis,* 806 F. Supp. at 872 ("The manager's privilege thus

23  protects [the individual defendant] from liability for all causes of action pled

24  herein" where the fifth cause of action was a claim for intentional infliction of

25  emotional distress.).

26          11.     Second, Plaintiff's claim for intentional infliction of emotional distress

27  fails because the alleged conduct does not, as a matter of law, constitute "extreme

28  and outrageous" conduct.  To recover for intentional infliction of emotional

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

5

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION (CASE NO. _____ )

1    distress, the actions must be shown to be "so extreme and outrageous as to go

2    beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

3    intolerable in a civilized community." *Alcorn v. Anbro Eng., Inc.,* 2 Cal. 3d 493,

4    499 n. 5, 86 Cal. Rptr. 88, 91 n. 5, 468 P.2d 216, 219 n. 5 (1970).  Plaintiff's

5    intentional infliction claim is based solely on the alleged statements that Plaintiff

6    claims are defamatory, and it is well settled that "[d]efamatory accusations are

7    insufficient to give rise to an action for intentional infliction of emotional distress."

8    *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1184 (C.D. Cal. 2002); *see also*

9    *Agostini v. Strycula*, 231 Cal. App. 2d 804, 806-09, 42 Cal. Rptr. 314, 315-317

10   (1965) (concluding that factual statements regarding plaintiff's unsuitability for

11   employment do not meet the requisite "extreme and outrageous" level to support an

12   intentional infliction of emotional distress claim).  Therefore, Plaintiff's claim of

13   intentional infliction of emotional distress against Defendant Hart fails as a matter

14   of law.  In sum, because Defendant Hart has been fraudulently joined in this action,

15   he must be disregarded for diversity jurisdiction purposes.

16          12.    It is apparent from the Complaint that the amount in controversy

17   exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiff

18   alleges that he has "suffered extreme and continuing humiliation, mental anguish

19   and emotional distress" as well as "loss of earnings, loss of reputation, shame,

20   mortification, [and] hurt feelings." *See* Exhibit A, ¶¶ 19, 24.  In addition to seeking

21   damages for defamation, emotional distress, and economic damages in an amount

22   according to proof at time of trial, Plaintiff seeks to recover punitive damages to

23   punish Defendants and to deter others from engaging in similar conduct. *See*

24   Exhibit A, ¶¶ 19, 24, (Prayer for Relief) 2, 4, 14.

25          13.    Further, we reviewed various employment law jury verdicts in

26   California between 2010 and 2012 involving the types of claims Plaintiff alleges

27   here.  Whereas Defendants acknowledge that each case is different, and deny

28   liability and damages in this action, there have been a number of verdicts in excess

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

6

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION (CASE NO. _____ )

of $75,000.  In cases involving a defamation claim brought against an employer, there were jury verdicts in the amounts of $1,630,334, $260,000, and $500,000, exclusive of interest and costs.  Declaration of Lindsey K. Schroeder (attached as Exhibit E), ¶ 2.  In cases involving claims of lost compensation due to false promises in an alleged agreement, there were jury verdicts in the amounts of $226,350, $1,347,000, and $9,584,000, exclusive of interest and costs.  Exhibit E, ¶ 3.  While Plaintiff does not specify the amount of damages he seeks, in 2011, he earned from Defendant U.S. Bank a taxable income of more than three (3) times the jurisdictional minimum, suggesting he was a relatively significant earner and therefore will presumably seek damages in excess of $75,000, exclusive of interest and costs.  Accordingly, while Defendants deny liability and damages, it is evident that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

15.     Defendants will promptly serve Plaintiff with this Notice of Removal and file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required by 28 U.S.C. § 1446(d).

16.     WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. §1446, Defendants pray that the above-captioned action in the Superior Court of the State of California in and for the County of Los Angeles be removed therefrom to this Court.

Dated:      July 10, 2012          CURLEY, HESSINGER & JOHNSRUD LLP

By _____
LINDSEY K. SCHROEDER
Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION
and MICHAEL HART, an individual

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

7          DEFENDANTS' NOTICE OF REMOVAL OF
ACTION (CASE NO. _____ )

# EXHIBIT A

Q1436
A6010

1 | Paul A. Greenberg, State Bar #76604
Iris Weinmann, State Bar #161101
2 | S. Adam Spiewak, State Bar #230872
GREENBERG & WEINMANN
3 | 1101 Montana Avenue, Suite D
Santa Monica, CA 90403
4 | Telephone: (310) 319-6188
Fax: (310) 319-6189
5 | E-Mail: paul@greenberglaw.com

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 10 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Amber La-Fleur-Clayton

6

7 | Attorneys for Plaintiff CHRISTOPHER SCHIMMEL

D57 Ralph Dau

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10

CHRISTOPHER SCHIMMEL,                    ) Case No.   **BC484496**
11                                        )
            Plaintiff,                    )
12                                        ) COMPLAINT FOR:
                                          )
13        vs.                             ) 1.  Defamation;
                                          ) 2.  Intentional Infliction of Emotional
14 | US BANK NATIONAL ASSOCIATION;         )     Distress;
MICHAEL HART, an Individual; and DOES 1   ) 3.  Intentional Misrepresentation;
15 | through 50, Inclusive,                ) 4.  Negligent Misrepresentation; and
                                          ) 5.  Breach of Oral Contract
16                                        )
            Defendants.                   ) [Demand for Jury Trial]
17                                        )
                                          )
18                                        )
                                          )
19 |_____)

20 | Plaintiff alleges:

21 |               PRELIMINARY ALLEGATIONS

22

23 |     1.   Plaintiff CHRISTOPHER SCHIMMEL is an individual residing in the County of

24 | Los Angeles, State of California.

25 |     2.   Plaintiff is informed and believes and thereupon alleges that at all times relevant

26 | hereto, Defendant US BANK NATIONAL ASSOCIATION ("US Bank") was and is a banking

27 | institution doing business in Los Angeles County, California.

28

CIT/CASE: BC484496 LEG/DEFN:
RECEIPT #: CCH03305020
DATE PAID: 07/19/12
PAYMENT: $395.00
RECEIVED: CHECK:
         CASH:
         CHANGE: 39500
         CARD:
03:00:34 PM
0310

1
COMPLAINT; DEMAND FOR JURY TRIAL

3.    Plaintiff is informed and believes and thereupon alleges that Defendant MICHAEL HART is an individual residing in Los Angeles County, California.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as Does 1 through 50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

5.    Plaintiff is informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, coconspirators, parent corporation, joint employers, alter ego, and/or joint venturers of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

6.    Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

7.    Plaintiff began his employment with US Bank as a Wealth Management Consultant in November, 2010.  Plaintiff joined US Bank after resigning his nearly 20 year employment with Bank of America Merrill Lynch.

8.    US Bank's management made numerous representations to Plaintiff regarding what the terms and conditions of his employment would be should he choose to join US Bank's employ, and the manner in which leads would be administered.  Specifically, Plaintiff was assured that he would get 100% of the leads from all commercial bankers in the Encino office. Based in significant part on these representations, Plaintiff accepted employment with US Bank.

2

9.   It soon became clear to Plaintiff that US Bank was not living up to the representations that had been made to him in order to induce him to accept employment. US Bank stopped providing him all leads from commercial bankers in the Encino office, instead diverting more than half of those leads to wealth managers in US Bank's Santa Barbara office, even though Plaintiff's work space was placed in the middle of the commercial banking office for the express purpose of working with those commercial bankers. This had a severe impact on Plaintiff's ability to generate revenue and was humiliating.

10.   On May 19, 2011, Plaintiff attended a business conference for all the employees within his group. At a group dinner gathering after the day's seminars, Plaintiff, his supervisor, Michael Hart, and several other of Plaintiff's colleagues gathered to socialize and get to know each other better. Many colleagues and other people were within earshot. The conversation turned to a discussion of the different individuals' previous jobs and backgrounds. After Plaintiff had briefly described his past role at Bank of America Merrill Lynch, Plaintiff's supervisor announced to the group, "Do you know Chris was fired from Bank of America? Yes, he was fired from Bank of America." Plaintiff was shocked by this loudly announced untrue statement, made in front of relatively new colleagues of Plaintiff, as well as others in close proximity, and tried to convince Hart to take back the false statement. Hart refused to do so, instead repeating it with emphasis several times in front of the group.

11.   This false statement is injurious to Plaintiff's reputation within the small private wealth management industry, as well as generally, and is untrue, as documented in writing.


FIRST CAUSE OF ACTION

(For Defamation Against All Defendants)


12.   Plaintiff refers to the allegations contained in paragraphs 1 through 11, inclusive, of this Complaint, and by reference thereto incorporates the same herein as though fully set forth.

3

13.   Beginning on or about May 19, 2011  and continuing through the present, Defendants, individually and by and through their management level employees, published statements including, but not limited to, that Plaintiff had been fired from his long term position at Bank of America.  This, as well as other statements Plantiff is informed and believes were made by the defendants, impugned Plaintiff's honesty, veracity, allegiance to Defendants' goals and procedures, competence, and ethics.

14.   The statements are false.

15.   Defendants published these statements without believing them to be true and without any reasonable basis to believe them to be true and despite his ready access to information clarifying the falsity of the statements.

16.   The statements are slanderous per se in that they accuse Plaintiff of malfeasance in the performance of his job duties.

17.   Plaintiff is informed and believes that these statements were made by Michael Hart, and other high level management employees of US Bank.  Further, Plaintiff is informed and believes that high level management employees of US Bank approved and ratified the statements, and failed to verify their veracity.

18.   The statements were heard by persons who reside in and around Los Angeles County, as well as other counties and states, including present and former employees of US Bank.

19.   As a proximate result of the above-described publications, Plaintiff has suffered loss of earnings, loss of reputation, shame, mortification, hurt feelings, humiliation, emotional distress and stress, all to his general damage in a sum to be proven at time of trial.

20.   Defendants' publication of false statements regarding Plaintiff was malicious, continually repeated in the face of Plaintiff's protests, motivated by a grudge, and undertaken as part of a pattern of harassment against Plaintiff and an attempt to set him up to fail at US Bank, and was made in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to an award of punitive damages.

4

COMPLAINT; DEMAND FOR JURY TRIAL
Page 11
EXHIBIT A

SECOND CAUSE OF ACTION

(For Intentional Infliction of Emotional Distress Against All Defendants)

21.  Plaintiff refers to the allegations contained in paragraphs 1 through 20, inclusive, of this Complaint, and by reference thereto incorporates the same herein as though fully set forth.

22.  Defendants' conduct in repeatedly saying, in the face of Plaintiff's protests, in front of Plaintiff and Plaintiff's co-workers that Plaintiff had been fired from Bank of America was extreme and outrageous, and an abuse of Defendants' authority and position.

23.  Said conduct by Defendants was knowing, intentional and willful, and done with a reckless disregard of the probability of causing Plaintiff emotional distress.

24.  As a proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and continues to suffer extreme mental anguish and emotional distress in an amount according to proof at time of trial.

25.  The above recited actions of Defendants were done with malice, fraud and/or oppression and in reckless disregard of the rights of Plaintiff. Plaintiff is informed and believes and on that basis alleges that the acts taken towards him were carried out in a malicious, oppressive and fraudulent manner in order to harm Plaintiff, or with a willful and conscious disregard of Plaintiff's rights, thereby causing him unjust hardship, humiliation and/or emotional distress. Such conduct was despicable and justifies an award of punitive damages against Defendants in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial.

## THIRD CAUSE OF ACTION

(For Intentional Misrepresentation Against Defendants US BANK and Does 1 through 10)

26.    Plaintiff refers to the allegations contained in paragraphs 1 through 25, inclusive, of this Complaint, and by reference thereto incorporates the same herein as though fully set forth.

27.    In or about November of 2010, in Los Angeles County, California, Defendants falsely and fraudulently represented to Plaintiff that if he would join US Bank in its private wealth management group, he would be given 100% of leads from all commercial bankers in US Bank's Encino branch.

28.    Said representations were false and Defendants knew them to be false and intended not to be bound by such representations.  The true facts, unknown to Plaintiff at the time, were as follows:  Defendants did not intend to provide Plaintiff with 100% of leads from all commercial bankers in the Encino office, and would instead divert a large percentage of the leads to wealth managers in US Bank's Santa Barbara office.

29.    The representations were knowingly made by Defendants with the intent to induce Plaintiff to accept employment with US Bank, and make sales for US Bank's benefit.

30.    At the time these representations were made, Plaintiff was ignorant of the falsity of Defendants' representations.  Plaintiff reasonably believed the promises made by Defendants, and in justifiable reliance thereon, joined US Bank's employ, and worked diligently to make sales and generate revenue for the bank.

31.    Plaintiff did not discover the falsity of Defendants' representations until Defendants diverted leads away from Plaintiff towards other wealth managers and Plaintiff discovered the diversions. Plaintiff could not with reasonable diligence have discovered the falsity of Defendants' representations until Defendants failed and refused to live up to their representations.

32.    As a proximate result of Defendants' fraudulent conduct as alleged above, Plaintiff has suffered economic damages in an amount according to proof at time of trial.

1    33.    As a further proximate result of Defendants' actions as alleged hereinabove,

2   Plaintiff has been harmed in that he has suffered extreme and continuing humiliation, mental

3   anguish and emotional distress, in an amount according to proof at time of trial.

4    34.    Defendants' conduct in making material misrepresentations to Plaintiff and

5   concealing material facts from him were done with malice, fraud and/or oppression and in

6   reckless disregard of Plaintiff's rights.  Plaintiff is informed and believes and on that basis

7   alleges that Defendants' conduct was carried out by managing agents of US Bank, and/or with

8   the ratification and approval of officers and/or managing agents of US Bank in a malicious,

9   oppressive and fraudulent manner in order to harm Plaintiff, or with a willful and conscious

10   disregard of Plaintiff's rights, thereby causing him unjust hardship, humiliation and/or emotional

11   distress.  Such conduct was despicable and justifies an award of punitive damages against

12   Defendants in an amount sufficient to deter them from engaging in such conduct again in the

13   future, in an amount according to proof at time of trial.

14

15                    FOURTH CAUSE OF ACTION

16    (For Negligent Misrepresentation Against Defendants US BANK and Does 1 through 10)

17

18    35.    Plaintiff refers to the allegations contained in paragraphs 1 through 34, inclusive, of

19   this Complaint, and by reference thereto incorporates the same herein as though fully set forth.

20    36.    In or about November of 2010, in Los Angeles County, California, Defendants

21   falsely represented to Plaintiff that if he would join US Bank in its private wealth management

22   group, he would be given 100% of leads from all commercial bankers in US Bank's Encino

23   branch.

24    37.    Said representations were false.  The true facts, unknown to Plaintiff at the time,

25   were as follows:  Defendants did not intend to provide Plaintiff with 100% of leads from all

26   commercial bankers in the Encino office, and would instead divert a large percentage of the leads

27   to wealth managers in US Bank's Santa Barbara office.

28

7

COMPLAINT; DEMAND FOR JURY TRIAL

38.   Defendants made these representations with no reasonable grounds for believing them to be true.  Plaintiff is informed and believes that Defendants did not have accurate information, or any information, as to the truth of the representations set forth herein.

39.   The representations were made by Defendants with the intent to induce Plaintiff to accept employment with US Bank, and make sales for US Bank's benefit.

40.   At the time these representations were made, Plaintiff was ignorant of the falsity of Defendants' representations.  Plaintiff reasonably believed the promises made by Defendants, and in justifiable reliance thereon, joined US Bank's employ, and worked diligently to make sales and generate revenue for the bank.

41.   Plaintiff did not discover the falsity of Defendants' representations until Defendants diverted leads away from Plaintiff towards other wealth managers and Plaintiff discovered the diversions. Plaintiff could not with reasonable diligence have discovered the falsity of Defendants' representations until Defendants failed and refused to live up to their representations.

42.   As a proximate result of Defendants' fraudulent conduct as alleged above, Plaintiff has suffered economic damages in an amount according to proof at time of trial.

43.   As a further proximate result of Defendants' actions as alleged hereinabove, Plaintiff has been harmed in that he has suffered extreme and continuing humiliation, mental anguish and emotional distress, in an amount according to proof at time of trial.

### FIFTH CAUSE OF ACTION

(For Breach of Oral Contract Against Defendants US BANK and Does 1 through 10)

44.   Plaintiff refers to the allegations contained in paragraphs 1 through 43, inclusive, of this Complaint, and by reference thereto incorporates the same herein as though fully set forth.

45.   In or about November of 2010, Plaintiff and Defendants entered into an oral agreement pursuant to which Plaintiff agreed to accept employment at US Bank as a wealth

8

1    manager, and US Bank agreed that Plaintiff would be given 100% of leads from all commercial

2    bankers in US Bank's Encino office.

3         46.   The contract between the parties was entered into and was to be performed in Los

4    Angeles County, California.

5         47.   Plaintiff accepted the terms of the contract through oral agreement and through

6    performance.

7         48.   Plaintiff performed all conditions, covenants and promises required of him to be

8    performed in accordance with his contract.

9         49.   Defendants breached their contract with Plaintiff by failing to provide him with

10   leads from all commercial bankers in the Encino office, instead diverting nearly half of the leads

11   to wealth managers in the Santa Barbara office.

12        50.   As a proximate result of Defendants' breach of their contract with Plaintiff,

13   Plaintiff has suffered damages in an amount according to proof at time of trial.

14

15                                   PRAYER FOR RELIEF

16        WHEREFORE, Plaintiff requests the following judgment and relief:

17   FIRST CAUSE OF ACTION:

18        1.    For damages for defamation in an amount according to proof at time of trial;

19        2.    For punitive damages in an amount appropriate to punish Defendants and to deter

20   others from engaging in similar conduct;

21   SECOND CAUSE OF ACTION:

22        3.    For damages for emotional distress, humiliation and mental anguish in an amount

23   according to proof at time of trial;

24        4.    For punitive damages in an amount appropriate to punish Defendants and to deter

25   others from engaging in similar conduct;

26   THIRD CAUSE OF ACTION

27        12.   For economic damages in an amount according to proof at time of trial;

28

9

13. For damages for emotional distress, humiliation and mental anguish in an amount according to proof at time of trial;

14. For punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct;

FOURTH CAUSE OF ACTION:

15. For economic damages in an amount according to proof at time of trial;

16. For damages for emotional distress, humiliation and mental anguish in an amount according to proof at time of trial;

FIFTH CAUSE OF ACTION:

17. For damages for breach of contract in an amount according to proof at time of trial;

ALL CAUSES OF ACTION:

18. For interest on lost earnings, lost benefits, and emotional distress damages at the prevailing legal rate from the date of breach by Defendants as proved at time of trial;

19. For attorney's fees and costs of suit incurred herein; and

20. For such other and further relief as the Court may deem just and proper.


DATED: May 15, 2012                    GREENBERG & WEINMANN



                                       PAUL A. GREENBERG
                                       IRIS WEINMANN
                                       S. ADAM SPIEWAK
                                       Attorneys for Plaintiff CHRISTOPHER SCHIMMEL

D:Schimmel/Complaint.doc

COMPLAINT; DEMAND FOR JURY TRIAL
EXHIBIT A

1

## DEMAND FOR JURY TRIAL

2

3        Plaintiff demands a jury trial.

4

5    DATED: May **15**, 2012              GREENBERG & WEINMANN

6

7                                         _____
                                          PAUL A. GREENBERG
8                                         IRIS WEINMANN
                                          S. ADAM SPIEWAK
9                                         Attorneys for Plaintiff CHRISTOPHER SCHIMMEL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  11
                    COMPLAINT; DEMAND FOR JURY TRIAL

# EXHIBIT B

D-57

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Paul A. Greenberg (SBN 76604) Iris Weinmann (SBN 161101)<br>S. Adam Spiewak (SBN 230872)<br>GREENBERG & WEINMANN<br>1101 Montana Avenue, Suite D, Santa Monica, CA 90403<br>TELEPHONE NO.:(310) 319-6188    FAX NO. *(Optional):* (310) 319-6189<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF, Christopher Schimmel | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>JUN 20 2012<br>John A. ~~Clarke~~ Officer/Clerk<br>BY _____, Deputy<br>Rogene Juliano |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS: 111 N. Hill Street
 MAILING ADDRESS: 111 N. Hill Street
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Central District

| | |
|---|---|
| PLAINTIFF/PETITIONER:Christopher Schimmel<br><br>DEFENDANT/RESPONDENT: US Bank National Association; Michael Hart; et al. | **CASE NUMBER:**<br>BC484496 |
| **PROOF OF SERVICE OF SUMMONS** | **Ref. No. or File No.:**<br>177817 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. [✔] summons
    b. [✔] complaint
    c. [✔] Alternative Dispute Resolution (ADR) package
    d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
    e. [ ] cross-complaint
    f. [✔] other *(specify documents):*NOTICE OF CASE ASSIGNMENT; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS
3.  a.  Party served *(specify name of party as shown on documents served):*
        US Bank National Association

    b. [✔]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Mario Sanchez, Assistant Branch Manager, authorized to accept service of process on behalf of the defendant

4.  Address where the party was served: 633 W. Fifth Street, 1st Floor, Los Angeles, CA 90071

5.  I served the party *(check proper box)*
    a. [✔]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*6/12/2012      (2) at *(time):* 10:00 AM
    b. [ ]  by substituted service. On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or [ ]  a declaration of mailing is attached.

        (5) [ ]  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Christopher Schimmel | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: US Bank National Association; Michael Hart; et al. | BC484496 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* US Bank National Association
    under the following Code of Civil Procedure section:

|  |  |  |  |
|---|---|---|---|
| ☐ 416.10 (corporation) | | ☐ 415.95 (business organization, form unknown) | |
| ☐ 416.20 (defunct corporation) | | ☐ 416.60 (minor) | |
| ☐ 416.30 (joint stock company/association) | | ☐ 416.70 (ward or conservatee) | |
| ☑ 416.40 (association or partnership) | | ☐ 416.90 (authorized person) | |
| ☐ 416.50 (public entity) | | ☐ 415.46 (occupant) | |
| | | ☐ other: | |

7. Person who served papers
  a. Name: Thanusak Mahattakulrungsi
  b. Address: PO Box 27975, Los Angeles, CA 90027
  c. Telephone number: (213) 202-6030
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 5620
      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 6/12/2012

Thanusak Mahattakulrungsi
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

# EXHIBIT C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Paul A. Greenberg (SBN 76604) Iris Weinmann (SBN 161101) S. Adam Spiewak (SBN 230872) GREENBERG & WEINMANN 1101 Montana Avenue, Suite D, Santa Monica, CA 90403 | **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES |

TELEPHONE NO: (310) 319-6188     FAX NO. *(Optional):* (310) 319-6189

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* PLAINTIFF, Christopher Schimmel

JUN 2 0 2012

John A. ...... .......... Officer/Clerk

BY ...................... Deputy
    Milyena Juliano

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

| PLAINTIFF/PETITIONER: Christopher Schimmel | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: US Bank National Association; Michael Hart; et al. | BC484496 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 177818 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* NOTICE OF CASE ASSIGNMENT; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS
3. a. Party served *(specify name of party as shown on documents served):*
      Michael Hart, an individual

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 633 W. Fifth Street, 1st Floor, Los Angeles, CA 90071
5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*
   b. [✔] by substituted service. On *(date):* 6/12/2012     at *(time):* 10:00 AM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Mario Sanchez, Asst. Branch Manager, authorized to accept service of process on behalf of the defendant

      (1) [✔] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [✔] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 6/12/2012 from *(city):* Los Angeles          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

www.ac c es s law.c o m

| PLAINTIFF/PETITIONER: Christopher Schimmel | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: US Bank National Association; Michael Hart; et al. | BC484496 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*              (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                         ☐ other:

7. Person who served papers
  a. Name: Thanusak Mahattakulrungsi
  b. Address: PO Box 27975, Los Angeles, CA 90027
  c. Telephone number: (213) 202-6030
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 5620
      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 6/12/2012

Thanusak Mahattakulrungsi
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

POS-010 (Rev. January 1, 2007)                **PROOF OF SERVICE OF SUMMONS**            Page 2 of 2

# EXHIBIT D

1   BRIAN L. JOHNSRUD, State Bar No. 184474
    LINDSEY K. SCHROEDER, State Bar No. 245425
2   CURLEY, HESSINGER & JOHNSRUD LLP
    530 Lytton Avenue, 2nd Floor
3   Palo Alto, CA 94301
    Telephone: 650.617.3270
4   Facsimile: 650.617.3269

5   Attorneys for Defendants
    U.S. BANK NATIONAL ASSOCIATION and
6   MICHAEL HART, an individual

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 09 2012

John A. Clarke Executive Officer/Clerk
By _____, Deputy

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           IN AND FOR THE COUNTY OF LOS ANGELES

10

11   CHRISTOPHER SCHIMMEL,

12         Plaintiff,

13         v.

14   US BANK NATIONAL ASSOCIATION;
    MICHAEL HART, an individual; and
15   DOES 1 through 50, inclusive,

16         Defendants.

Case No. BC484496

**DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT**

D-57

BY FAX

17

18      Defendants U.S. BANK NATIONAL ASSOCIATION ("Defendant U.S. Bank") and

19   MICHAEL HART ("Defendant Hart"), (collectively "Defendants"), by and through their

20   attorneys, hereby answer Plaintiff CHRISTOPHER SCHIMMEL's ("Plaintiff") unverified

21   Complaint as follows:

22      Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally

23   deny each and every material allegation of Plaintiff's Complaint, and deny further that Plaintiff

24   has been injured in the amount or manner alleged or in any amount or manner.

25      WHEREFORE, Defendants assert the following affirmative defenses and pray for an

26   award and judgment as hereinafter set forth:

27   ///

28   ///

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

CASE NO. BC484496

DEFENDANTS' ANSWER TO COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and affirmative defense, Plaintiff's Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Privilege and Justification)

As a separate and affirmative defense, Defendants are informed and believe and on that basis allege that Plaintiff's Complaint, and each cause of action alleged therein, is barred because Defendants' conduct as alleged in the Complaint was legally privileged and/or justified, including but not limited to the privilege set forth in California Civil Code Section 47(c).

## THIRD AFFIRMATIVE DEFENSE

### (Manager's Privilege)

As a separate and affirmative defense, Defendants are informed and believe and on that basis allege that Plaintiff's Complaint, and each cause of action alleged therein, is barred because Defendants' conduct as alleged in the Complaint was done as a good faith assertion of Defendants' rights and was therefore privileged, including without limitation, the manager's privilege and/or immunity.

## FOURTH AFFIRMATIVE DEFENSE

### (Workers' Compensation – Exclusive Remedy)

As a separate and affirmative defense to the Complaint and to every cause of action alleged therein, Defendants are informed and believe and on that basis allege that to the extent Plaintiff seeks recovery on account of physical, mental and emotional pain and suffering, Plaintiff's exclusive remedy for such damages is under the California Workers' Compensation Act.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and affirmative defense to the Complaint and to every cause of action alleged therein, Defendants are informed and believe and on that basis allege that Plaintiff, by his

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

2                                                  CASE NO. BC484496

DEFENDANTS' ANSWER TO COMPLAINT
Page 24
EXHIBIT D

1  acts and/or omissions, has waived and/or is estopped, in whole or in part, from asserting any of

2  the claims on which he seeks relief.

3  **SIXTH AFFIRMATIVE DEFENSE**

4  **(Waiver)**

5      As a separate and affirmative defense to the Complaint and to every cause of action

6  alleged therein, Defendants are informed and believe and on that basis allege that Plaintiff's

7  claims, or some of them, are barred in whole or in part because such claims have been waived,

8  discharged and/or abandoned.

9  **SEVENTH AFFIRMATIVE DEFENSE**

10  **(Unclean Hands)**

11      As a separate and affirmative defense, Defendants are informed and believe and on that

12  basis allege that Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole

13  or in part, by Plaintiff's own unclean hands.

14  **EIGHTH AFFIRMATIVE DEFENSE**

15  **(Consent)**

16      As a separate and affirmative defense to the Complaint and each cause of action alleged

17  therein, Defendants are informed and believe and on that basis allege that Plaintiff consented to

18  some or all of the conduct alleged in the Complaint.

19  **NINTH AFFIRMATIVE DEFENSE**

20  **(Truth)**

21      As a separate and affirmative defense, Defendants are informed and believe and on that

22  basis allege that Plaintiff's defamation claim is barred because one or more of the alleged

23  statements were and are true.

24  **TENTH AFFIRMATIVE DEFENSE**

25  **(First Amendment)**

26      As a separate and affirmative defense to the Complaint and to every cause of action

27  alleged therein, Defendants are informed and believe and on that basis allege that, to the extent

28  any claim for damages is based on speech or content thereof, such claim is barred by the First

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

3  CASE NO. BC484496

DEFENDANTS' ANSWER TO COMPLAINT
Page 25
EXHIBIT D

1    Amendment to the United States Constitution.

2                    **ELEVENTH AFFIRMATIVE DEFENSE**

3                         **(Failure of Consideration)**

4          As a separate and affirmative defense, Defendants are informed and believe and on that

5    basis allege that Plaintiff's breach of oral contract claim is barred as a result of a failure of

6    consideration.

7                    **TWELFTH AFFIRMATIVE DEFENSE**

8                   **(Failure to Satisfy Condition Precedent)**

9          As a separate and affirmative defense, Defendants are informed and believe and on that

10   basis allege that Plaintiff's breach of oral contract claim is barred because Plaintiff failed to perform

11   all material conditions precedent under any contracts with Defendants.

12                   **THIRTEENTH AFFIRMATIVE DEFENSE**

13                       **(Anticipatory Repudiation)**

14         As a separate and affirmative defense, Defendants are informed and believe and on that

15   basis allege that Plaintiff's breach of oral contract claim is barred because Plaintiff repudiated his

16   obligations under the contracts that form the basis of his Complaint.

17                   **FOURTEENTH AFFIRMATIVE DEFENSE**

18                        **(Failure to Mitigate)**

19         As a separate and affirmative defense, Defendants are informed and believe and on that

20   basis allege that Plaintiff's Complaint, and each cause of action alleged therein, is barred because

21   Plaintiff failed to mitigate his alleged damages, if any.

22                   **FIFTEENTH AFFIRMATIVE DEFENSE**

23                      **(Avoidable Consequences)**

24         As a separate and affirmative defense to Plaintiff's Complaint and each cause of action

25   alleged therein, Defendants allege that Plaintiff unreasonably failed to avoid harm, and that a

26   reasonable course of conduct by Plaintiff would have prevented some, if not all, of Plaintiff's

27   alleged damages.

28   / / /

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

                                    4                          CASE NO. BC484496

                         DEFENDANTS' ANSWER TO COMPLAINT
                                      Page 26
                                    EXHIBIT D

## SIXTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As a separate and affirmative defense to Plaintiff's Complaint and each cause of action alleged therein, to the extent during the course of this action Defendants acquire any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Limit – Punitive Damages)

As a separate and affirmative defense to the Complaint and to every cause of action alleged therein, Defendants are informed and believe and on that basis allege that Plaintiff's claim for punitive damages is barred by the Due Process Clause (Fifth Amendment, Fourteenth Amendment, Section 1) and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution and the corresponding provisions of the California Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Right of Arbitration/Lack of Jurisdiction)

As a separate and affirmative defense to the Complaint and to every cause of action alleged therein, Defendants are informed and believe and on that basis allege that pursuant to one or more arbitration agreements that applied to Plaintiff's employment relationship with Defendant U.S. Bank (and also Defendant Hart as a third-party beneficiary) Plaintiff's claims are subject to mandatory arbitration, and accordingly, this Court lacks jurisdiction over Plaintiff's claims.

**WHEREFORE**, Defendants pray for an award as follows:

1.      That Plaintiff take nothing by the Complaint;

2.      That a judgment be entered against Plaintiff and in favor of Defendants on all claims;

3.      That Defendants be awarded their attorneys' fees under applicable law;

4.      That Defendants be awarded costs of suit herein; and

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

5                    CASE NO. BC484496

DEFENDANTS' ANSWER TO COMPLAINT
Page 27
EXHIBIT D

1        5.     For such other and further relief as the Court deems just and proper.

2

3   Dated: July 9, 2012                   CURLEY, HESSINGER & JOHNSRUD LLP

4

5                                     By

6                                       BRIAN L. JOHNSRUD

7                                       Attorneys for U.S. BANK NATIONAL
                                        ASSOCIATION and
                                        MICHAEL HART, an individual

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

6                                CASE NO. BC484496

DEFENDANTS' ANSWER TO COMPLAINT
Page 28
EXHIBIT D

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 530 Lytton Avenue, 2nd Floor, Palo Alto, California 94301.

On July 9, 2012, I served the within document(s):

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐     by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐     by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Paul A. Greenberg, Esq.
Iris Weinmann, Esq.
S. Adam Spiewak, Esq.
GREENBERG & WEINMAN
1101 Montana Avenue, Suite D
Santa Monica, CA 90403

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 9, 2012, at Palo Alto, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_____
Lynette Pola

# EXHIBIT E

BRIAN L. JOHNSRUD, State Bar No. 184474
bjohnsrud@curleyhessinger.com
LINDSEY K. SCHROEDER, State Bar No. 245425
lschroeder@curleyhessinger.com
CURLEY, HESSINGER & JOHNSRUD LLP
530 Lytton Avenue, 2nd Floor
Palo Alto, CA 94301
Telephone: 650.617.3270
Facsimile:  650.617.3269

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION and
MICHAEL HART, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCHIMMEL,<br><br>            Plaintiff,<br><br>      v.<br><br>US BANK NATIONAL ASSOCIATION; MICHAEL HART, an individual; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.<br><br>**DECLARATION OF LINDSEY K. SCHROEDER IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF ACTION** |

        I, Lindsey K. Schroeder, declare and state as follows:

        1.    I am an attorney at the law firm of Curley, Hessinger & Johnsrud LLP, attorneys of record for U.S. Bank National Association ("Defendant U.S. Bank") and Michael Hart (collectively "Defendants"). I am licensed to practice law before all of the Courts for the State of California and the Central District of California. I have direct and personal knowledge of the facts set forth in my Declaration and, if called and sworn as a witness, I would competently testify to these facts.

        2.    I reviewed various employment law jury verdicts in California between 2010 and 2012 involving a defamation claim brought against an employer.

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

1

LINDSEY K. SCHROEDER DECLARATION ISO
NOTICE OF REMOVAL OF ACTION
(CASE NO._____)

Page 30
EXHIBIT E

1   Jury verdicts were rendered in the amounts of $1,630,334, $260,000, and $500,000,
2   exclusive of interest and costs.  True and correct copies of the Trial Digests
3   corresponding to those jury verdicts are attached, collectively, as Exhibit 1.
4          3.      I reviewed various employment law jury verdicts in California
5   between 2010 and 2012 involving a claim of lost compensation due to false
6   promises in an alleged agreement.  Jury verdicts were rendered in the amounts of
7   $226,350, $1,347,000, and $9,584,000, exclusive of interest and costs.  True and
8   correct copies of the Trial Digests corresponding to those jury verdicts are attached,
9   collectively, as Exhibit 2.
10         I declare under penalty of perjury under the laws of the United States of
11   America that the foregoing is true and correct.
12         Executed this 10th day of July 2012, at Palo Alto, California.

Lindsey K. Schroeder

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

2

LINDSEY K. SCHROEDER DECLARATION ISO
NOTICE OF REMOVAL OF ACTION
(CASE NO._____)

Page 31
EXHIBIT E

# EXHIBIT 1

O'Connor vs. UHS-Corona Inc., 34 Trials Digest 14th 11 (2011)

34 Trials Digest 14th 11, 2011 WL 3606915 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2012 Thomson Reuters/West
Superior Court, Riverside County, California.

O'Connor vs. UHS-Corona Inc.

**TOPIC:**
Synopsis: Nurse alleges retaliatory termination in violation of CFRA
Case Type: Labor & Employment; Retaliation; Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Family & Medical Leave; Defamation; Other; Labor & Employment; Violation of Public Policy
DOCKET NUMBER: RIC516507

STATE: California
COUNTY: Riverside

Verdict/Judgment Date: January 20, 2011

JUDGE: Lillian Y. Lim
**ATTORNEYS:**
Plaintiff: Jeffrey A. Rager, Rager Law Firm, Torrance; Melanie Rasic Savarese, Savarese Law Firm, Sierra Madre.
Defendant: Tracie Childs, Manning & Marder, Kass, Ellrod, Ramirez, San Diego; Al De La Cruz, Manning & Marder, Kass, Ellrod, Ramirez, San Diego.

**SUMMARY:**

Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $1,630,334

Range: $1,000,000-1,999,999
$130,334 past economic loss; $1,000,000 past non-economic loss; $500,000 future non-economic loss against defendants UHS-Corona Inc. dba Corona Regional Medical Center and UHS of Delaware Inc. During a concurrent bench trial, the court ruled that Universal Health Services Inc. was not a single or joint employer of plaintiff, and judgment was issued in favor of Universal Health Services Inc. as against plaintiff.
Trial Type: Jury
Deliberations: Not reported.
Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**
According to court records: On March 25, 2003, plaintiff Doreen O'Connor began her employment with defendants Corona Regional Medical Center, Universal Health Services Inc. ("UHS"), Brenda Schicker, Ruth Battles, and May Walsh as an RN on the nursery staff from 7:00 a.m. to 7:00 p.m.
On July 9, 2003, plaintiff's Performance Review read, "Doreen meets or exceeds all standards of performance. She is very willing to learn and very pleasant with patients and co-workers. It is a pleasure to have Doreen on staff, she has experienced

O'Connor vs. UHS-Corona Inc., 34 Trials Digest 14th 11 (2011)

some very busy shifts and is doing an excellent job."

On March 23, 2005, plaintiff was rated overall as "Exceeds Requirements." The review stated, "Doreen has been very helpful in some of the changes that have taken place in our department. She developed two of the tests that were used for competencies in our mother-baby department. Doreen is a very knowledgeable and skilled nurse here at Corona and we are lucky to have her here as part of our staff."

In April 2006, plaintiff was promoted to Charge Nurse. In October 2007, defendant Brenda Schicker was hired as Education Manager.

In February and March 2008, plaintiff was on a protected medical leave for diabetes and asthma. Upon return from her medical leave, she was presented with a performance review in May 2008. She received a lower rating and was told not to be "emotional" when presenting concerns to her director. Plaintiff was informed that she was "not giving as much as before because of her medical condition."

On October 8, 2008, plaintiff was informed she was fired by defendants Schicker, Battles, and Walsh. In the presence of others, plaintiff was accused of "harassing, stocking [sic], and spying, on the nursing staff." She was accused of "inappropriate behavior and inappropriate language." She was told that the staff felt "threatened" by her.

Plaintiff filed suit for Retaliation in Violation of the California Family Rights Act, Wrongful Termination in Violation of Public Policy, Retaliatory Termination in Violation of Public Policy, and Defamation Per Se.


**CLAIMED INJURIES**
According to court records:
Emotional distress; major depressive disorder.


**CLAIMED DAMAGES**
According to court records:
$125,723 loss of earnings.

**SETTLEMENT DISCUSSIONS**
According to court records:
Not reported.

**COMMENTS**
According to court records:
The complaint was filed on December 30, 2008.

Trials Digest, A Thomson Reuters/West business
Riverside County Superior Court/Central

**End of Document**
© 2012 Thomson Reuters. No claim to original U.S. Government Works.

Peggy Jarian, Vosgan Mekhitarian, and Hamayak Jarian v...., 2011 WL 1250149...

2011 WL 1250149 (Cal.Super.)

Copyright (c) 2012 ALM Media Properties, LLC. All Rights Reserved
Superior Court, Los Angeles County, California.

Peggy Jarian, Vosgan Mekhitarian, and Hamayak Jarian v. Mekhitarist Fathers of Vienna dba Mekhitarist
Fathers' Armenian School, Hovannes Khosdeghian, and Rev. Yeghia Vart Kilaghbian

No. BC427095

DATE OF VERDICT/SETTLEMENT: March 15, 2011

TOPIC: EMPLOYMENT - WRONGFUL TERMINATION - INTENTIONAL TORTS - DEFAMATION - EMPLOYMENT
- CALIFORNIA'S FAIR EMPLOYMENT & HOUSING ACT - EMPLOYMENT - RETALIATION - NEGLIGENCE -
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - INTENTIONAL TORTS - INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS - EMPLOYMENT - SEXUAL HARASSMENT - INTENTIONAL TORTS - SEXUAL
BATTERY

Principal, Secretary Sued Private School for Wrongful Termination

**SUMMARY:**

RESULT: Verdict-Plaintiff

Award Total: $260,000

The jury found in favor of both plaintiffs, and awarded $110,000 to Peggy Jarian and $150,000 to Mekhitarist. Hamayak
Jarian was awarded $1 for his consortium claim.

The jury found in favor of the defense on Peggy Jarian's sexual harassment, sexual battery and intentional infliction of
emotional distress claims, as well asMekhitarian's retaliation and emotional distress claims.

**EXPERT WITNESSES:**

Plaintiff: David N. Glaser, M.D.; Psychiatry; Encino, CA

**ATTORNEYS:**

Plaintiff: Stephen Bernard; Nagelberg & Bernard; Los Angeles, CA (Hamayak Jarian, Peggy Jarian, Vosgan Mekhitarian);
Alena Klimianok; Bernard & Bernard; Los Angeles, CA (Hamayak Jarian, Peggy Jarian, Vosgan Mekhitarian)

Defendant: Maria A. Shakelian; Law Offices of D. Behesnilian; Beverly Hills, CA (Hovannes Khosdeghian); Terenik
Koujakian; Terenik Koujakian, Inc.; Encino, CA (Mekhitarist Fathers of Vienna dba Mekhitarist Fathers' Armenian School,
Rev. Yeghia Vart Kilaghbian)

JUDGE: Michael Charles Solner

RANGE AMOUNT: $200,000-499,999

STATE: California

COUNTY: Los Angeles

**INJURIES: Peggy Jarian sought damages for past and future pain and suffering, lost earnings and future medical
expenses. She claimed she sustained severe emotional distress from the damage to her reputation, and was evaluated
by a forensic psychiatrist, who diagnosed her with depression. She also claimed that she has not found a new job after
being fired.**

**Facts:**

On Nov. 13, 2009, plaintiffs Peggy Jarian, 36, a secretary, and Vosgan Mekhitarian, 64, a principal, were terminated from
their respective jobs at Mekhitarist Fathers' Armenian School, a private Catholic school. Jarian had previously filed a
complaint for sexual harassment with the school against Hovannes Khosdeghian, a school auditor and administrator.

Mekhitarian, who supported Jarian and protested against Khosdeghian's conduct and the school's failure to take remedial measures, was terminated and then replaced by Khosdeghian.

Jarian, Mekhitarian and Jarian's husband, Hamayak Jarian, sued the school, Khosdeghian and Rev. Yeghia Vart Kilaghbian. They brought causes of action for wrongful termination in violation of California's Fair Employment & Housing Act (FEHA), retaliation, defamation, negligent infliction of emotional distress and intentional infliction of emotional distress. Peggy Jarian also brought causes of action for sexual assault and battery, and her husband sued for a loss of consortium.

Peggy Jarian contended that the defendants retaliated against her for filing the sexual harassment claim, stemming from an alleged incident with Khosdeghian three weeks before she was terminated.

Mekhitarian contended that he was fired for defending Peggy Jarian's claims.

Both Peggy Jarian and Mekhitarian contended that the defendants defamed them at several meetings after they were terminated, making false accusations about them stealing from the school while still under its employ.

The defendants denied all of the plaintiffs' accusations. They claimed that Mekhitarian was fired for mismanaging the school, and that Jarian was fired for an incident in which she refused to allow a member of the Board of Directors to enter the school grounds. They claimed that Jarian told him to get the hell out of the school and pretended that she was afraid of him.

The defendants filed cross-complaints against the plaintiffs for conversion and negligence, which, on motions by the plaintiffs, were dismissed by the judge after the defense's case in chief.

Mekhitarian sought damages for past and future lost earnings, as well as pain and suffering.

Hamayak Jarian sought damages for a loss of consortium.

The defendants contended that Peggy Jarian and Mekhitarist were not wrongfully terminated, and owed no damages for lost earnings. They further claimed that their actions did not bring Peggy Jarian any emotional harm, and that she was not owed any damages for her psychiatric treatment.

ALM Properties, Inc.
Superior Court of Los Angeles County, Central

PUBLISHED IN: VerdictSearch California Reporter Vol. 10, Issue 15

End of Document                                     © 2012 Thomson Reuters. No claim to original U.S. Government Works.

Betson vs. Rite Aid Corporation, 34 Trials Digest 14th 9 (2011)

34 Trials Digest 14th 9, 2011 WL 3606913 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2012 Thomson Reuters/West
Superior Court, Los Angeles County, California.

Betson vs. Rite Aid Corporation

**TOPIC:**

Synopsis: Employee alleges retaliatory discrimination
Case Type: Labor & Employment; Discrimination; Labor & Employment; Family & Medical Leave; Labor & Employment;
Harassment-General; Labor & Employment; Disability/Medical Condition; Labor & Employment; Age; Defamation; Other
DOCKET NUMBER: BC427992

STATE: California
COUNTY: Los Angeles
Verdict/Judgment Date: May 27, 2011
JUDGE: Gregory W. Alarcon
**ATTORNEYS:**
Plaintiff: Donald Conway, Shegerian & Associates, Santa Monica; Carney R. Shegerian, Shegerian & Associates, Santa
Monica.
Defendant: Glenn L. Briggs, Hodel Briggs Winter, Irvine; Theresa A. Kading, Hodel Briggs Winter, Irvine.

**SUMMARY:**

Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $500,000

Range: $500,000-999,999
$250,000 past non-economic loss; $250,000 future non-economic loss.
Trial Type: Jury
Deliberations: Not reported.
Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**
According to court records: Plaintiff Doreen Betson, age 46, was employed by defendant Rite Aid Corporation for 21.5 years
in defendant's Beverly Hills store. On February 11, 2008, plaintiff injured her knee at work when she slipped and fell. She
was on medical leave until December 16, 2008. At one point after she returned to work, she was told that she could not come
to work with a "bad look" on her face, i.e., looking as if she were in pain. On other occasions, she was called "stupid," was
told that "her bones were too old," "maybe it's time to retire," "you need to retire," "you are too old to work retail," "perhaps
you need a cane at your age," "these disability claims cost me money," "nobody missed you while you were on disability
leave," and similar other comments.
On January 6, 2009, security representative Jeffrey Storm terminated plaintiff's employment, allegedly because she issued a

WestlawNext © 2012 Thomson Reuters. No claim to original U.S. Government Works.

Betson vs. Rite Aid Corporation, 34 Trials Digest 14th 9 (2011)

customer refund when the customer was not present and without a receipt. Plaintiff alleged that everyone knew such refunds were allowed and that more than once she had been asked by defendant to issue such refunds.

Plaintiff met with defendant's human resources manager and her union representative, but received no help. Defendant did not issue plaintiff's final paycheck until two weeks after her employment was terminated, and the check did not include all of her accrued vacation time.

**CLAIMED INJURIES**
According to court records:
Emotional distress.

**CLAIMED DAMAGES**
According to court records:
Not reported.

**SETTLEMENT DISCUSSIONS**
According to court records:
Not reported.

**COMMENTS**
According to court records:
The complaint was filed on December 14, 2009.

Trials Digest, A Thomson Reuters/West business
Los Angeles County Superior Court/Downtown

**End of Document**

© 2012 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 2

Sandvik vs. Bozung, 45 Trials Digest 14th 9 (2011)

45 Trials Digest 14th 9, 2011 WL 5148016 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2012 Thomson Reuters/West
Superior Court, San Francisco County, California.

Sandvik vs. Bozung

**TOPIC:**
Synopsis: Contractor sues for breach of employment contract
Case Type: Contracts; Breach; Labor & Employment; Breach of Contract; Contracts; Quantum Meruit; Personal Property;
Conversion

DOCKET NUMBER: CGC09490001

STATE: California
COUNTY: San Francisco

Verdict/Judgment Date: January 4, 2011

JUDGE: A. James Robertson II
**ATTORNEYS:**
Plaintiff: Ann M. Finneran, Chan, Doi & Leal, San Francisco; George C. Leal, Chan, Doi & Leal, San Francisco; Michael
Spalding, Hedani, Choy, Spalding & Salvagione, San Francisco.
Defendant: Scott Handelman, Law Offices of Scott Handelman, Walnut Creek.

**SUMMARY:**

Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $226,350

Range: $200,000-499,999
Trial Type: Jury
Deliberations: Not reported.
Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**
According to court records: In April 2007, defendant Loretta Bozung purchased a residential property located at 1335
Jackson Street, San Francisco, California for $918,000. In the hope of securing plaintiff Stein Ove Sandvik's professional
services as a licensed contractor, defendant approached plaintiff to discuss plaintiff's potential interest in working full-time
for defendant as her on-site construction consultant on the remodeling of the Jackson Street property. Based upon defendant's
offer of an hourly wage and a written employment contract, plaintiff confirmed with defendant that he was interested in the
job.
On June 4, 2007, plaintiff and defendant signed a written Employment Contract ("Agreement"). The agreed-upon wage was
$75 per hour, payable every two weeks. The Agreement further provided that the employer would reimburse the employee

**Sandvik vs. Bozung, 45 Trials Digest 14th 9 (2011)**

for all necessary expenses incurred.

Defendant obtained an owner-builder permit and, beginning on June 6, 2007, plaintiff went to work full-time for defendant at her Jackson Street property.

After plaintiff entered into the Agreement and commenced work for defendant, defendant told him she did not want to pay him for more than 40 hours of work during any given week, did not want to pay him every two weeks, wanted him to be responsible for securing and advancing the funds necessary to pay for the labor and material needed, and indicated that she would write him a lump sum check at the end of each month. Plaintiff, having left his former employment, and being unaware of the protections provided to him by the California Labor Code, agreed to continue working for defendant on the modified compensation terms.

Over time, defendant fell behind in her obligation to pay plaintiff his wages and to reimburse him for his necessary expenses. As a result of defendant's promise to bring her obligations to him current once she refinanced the property, plaintiff continued to work for her. Defendant did not, upon receipt of the refinancing proceeds, bring her obligation to plaintiff current. She instead told him she intended to cease work on the Jackson Street property, use the available funds to purchase, remodel, and flip a home on Upper Terrace in San Francisco, told him she intended for him to work on the remodeling project as her employee, and, to induce him to continue in her service, paid him an $8,000 portion of what he was owed and promised him a 40 percent share in the anticipated profits from the sale of the property after it was remodeled.

On July 17, 2008, defendant entered into a contract to purchase the Upper Terrace property for $1.1 million. Plaintiff alleged that when defendant entered into the contract, she did not have sufficient cash resources to purchase the property without the assistance of financing from various private third parties. Defendant needed $60,000 to close escrow, and plaintiff lent defendant the necessary funds based on her promise that those funds would also be repaid to him after the Upper Terrace property was remodeled and sold.

While the Upper Terrace property was being remodeled, the market crashed, and defendant abandoned her plan to do a full renovation in favor of a less extensive and less expensive remodel. Defendant placed the property on the market for $1,495,000. She received an offer for $1,445,000. Defendant elected not to accept the offer and that opportunity to realize a profit on the venture was lost.

Three months later, defendant accepted an offer for $1,250,000. After close of escrow, $272,184 in net proceeds was paid out to defendant. Plaintiff made a demand upon defendant for payment in full of all of her outstanding obligations to him, including the $78,639 he believed he was owed for his unpaid labor and the expenses he incurred in connection with the Jackson Street property, the $60,000 he lent her for the acquisition of the Upper Terrace property, the $95,457 he believed he was owed for his unpaid labor and the expenses he incurred in connection with the Upper Terrace project, and the $6,578 he paid on her behalf towards his secured obligation in favor of Robert Wagner, who provided a $770,000 loan to defendant for purchase of the Upper Terrace property.

Defendant refused to make any such payments.

Plaintiff filed suit for Breach of Written Employment Contract, Breach of Oral Contract, Quantum Meruit, Unjust Enrichment, Conversion, Unlawful Failure to Pay Required Overtime, Failure to Furnish Wage Statements, Waiting Time Penalties, and Unlawful Failure to Indemnify Plaintiff for Necessary Business Expenses.


**CLAIMED INJURIES**
NA


**CLAIMED DAMAGES**
According to court records:
First Cause of Action: $221,346; Second Cause of Action: $66,578; Third Cause of Action: $221,346; Fourth Cause of Action: $287,924; Fifth Cause of Action: $66,578; Sixth Cause of Action: $47,250; Eighth Cause of Action: $18,000; Ninth Cause of Action: $107,505.

**SETTLEMENT DISCUSSIONS**
According to court records:
Not reported.

Trials Digest, A Thomson Reuters/West business
San Francisco County Superior Court

**Sandvik vs. Bozung, 45 Trials Digest 14th 9 (2011)**

Alan Faigin v. Fremont Reorganizing Corporation, 2010 WL 2404232 (2010)

2010 WL 2404232 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2012 ALM Media Properties, LLC. All Rights Reserved
Superior Court, Los Angeles County, California.

Alan Faigin v. Fremont Reorganizing Corporation

No. BC405550
DATE OF VERDICT/SETTLEMENT: February 16, 2010
TOPIC: EMPLOYMENT - WRONGFUL TERMINATION - CONTRACTS - ORAL AGREEMENT - BANKRUPTCY - REORGANIZATION - CONTRACTS - BREACH OF CONTRACT
Co.'s General Counsel Said He Couldn't Be Fired Without Cause

**SUMMARY:**
RESULT: Verdict-Plaintiff
Award Total: $1,347,000
The jury found for Faigin and awarded him $1,347,000 in damages.

**EXPERT WITNESSES:**
**ATTORNEYS:**
Plaintiff: Daniel Hoffer; Kellman Hoffer LLP; Manhattan Beach, CA (Alan Faigin); Barry D. Kellman; Kellman Hoffer LLP; Manhattan Beach, CA (Alan Faigin); Celeste M. Brecht; Kellman Hoffer LLP; Manhattan Beach, CA (Alan Faigin)
Defendant: Linda Van Winkle Deacon; Bate, Peterson, Deacon, Zinn & Young; Los Angeles, CA (Fremont Reorganizing Corporation); David H. Bate; Bate, Peterson, Deacon, Zinn & Young LLP; Los Angeles, CA (Fremont Reorganizing Corporation)
JUDGE: Robert H. O'Brien

RANGE AMOUNT: $1,000,000-1,999,999

STATE: California
COUNTY: Los Angeles

**INJURIES: Faigin sought economic damages for three years of lost earnings worth $1,347,000 in regard to the alleged breach of contract.**

**Facts:**
In 2007, plaintiff Alan Faigin had been general counsel to Fremont Reorganizing Corp., formerly known as Fremont Investment & Loan, a subsidiary of Fremont General Corp., for 17 years. That year, the bank was issued a cease-and-desist order from the Federal Deposit Insurance Corporation (FDIC), and Faigin claimed that he was appointed interim president to bring the bank in compliance with the order.

In December, he was terminated and replaced by new management.

In 2008, the bank surrendered its charter and Fremont General filed for bankruptcy.

Faigin sued Fremont Reorganizing, alleging that the defendant breached its implied contract not to terminate him, unless there was cause.

Faigin claimed that he had an implied-in-fact contract with the bank in which he could not be fired without cause. He asserted that he was replaced by a new general counsel. Faigin alleged that the defendant broke an oral promise by terminating his 17

Page 41
EXHIBIT 2

**Alan Faigin v. Fremont Reorganizing Corporation, 2010 WL 2404232 (2010)**

years of service to the company without cause.

The defendant contended that Faigin did not have an implied-in-fact contract.

The court excluded reference to the parent company, Fremont General, which filed for bankruptcy.

ALM Properties, Inc.
Superior Court of Los Angeles County, Central

PUBLISHED IN: VerdictSearch California Reporter Vol. 9, Issue 24

**End of Document**                                    © 2012 Thomson Reuters. No claim to original U.S. Government Works.

Horner vs. Carrier Corporation, 47 Trials Digest 14th 9 (2011)

47 Trials Digest 14th 9, 2011 WL 5561165 (Cal.Superior) (Verdict and Settlement Summary)

Copyright (c) 2012 Thomson Reuters/West
Superior Court, San Diego County, California.

Horner vs. Carrier Corporation

**TOPIC:**
Synopsis: Laid-off employee sues for breach of contract and fraud
Case Type: Fraud & Misrepresentation; Fraud; Labor & Employment; Breach of Contract
DOCKET NUMBER: 200900103747

STATE: California
COUNTY: San Diego
Verdict/Judgment Date: June 29, 2011
JUDGE: Luis R. Vargas
**ATTORNEYS:**
Plaintiff: Chip Edleson, Edleson & Rezzo, San Diego; Joann F. Rezzo, Edelson & Rezzo, San Diego; Kenneth J. Rose, Rose Group, San Diego.
Defendant: John R. Giovannone, Seyfarth Shaw, Los Angeles; G. Daniel Newland, Seyfarth Shaw, San Francisco; Laura Shelby, Seyfarth Shaw, Los Angeles.

**SUMMARY:**

Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $9,584,000

Range: $5,000,000-999,999,999
$1,384,000 compensatory damages; $200,000 non-economic damages; $19,051 costs; $16,667 statutory penalty; $202,741 pre-judgment interest; $8,000,000 punitive damages, reduced by trial court to $785,000.
Trial Type: Jury
Trial Length: 8 days.
Deliberations: 1 day.
Jury Poll: Mixed poll.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**
According to Plaintiff: Plaintiff Timothy Horner, a territory manager/salesperson, accepted employment with defendant Carrier Corporation based on defendant's written and verbal representation that his employment and offered minimum compensation of $200,000 per year were guaranteed for five years.
After working for defendant for 13 months, plaintiff was laid off and not paid any more of the guaranteed compensation. Plaintiff sued for breach of contract, breach of the implied covenant of good faith, fraudulent concealment, fraudulent inducement, negligent misrepresentation, and statutory penalties under the California Labor Code.
Defendant contended that it employed plaintiff on an at-will basis and the only guarantee it made was that he would be paid minimum compensation of $200,000 per year for his first five years of employment, but only for as long as defendant chose to employ him.

**CLAIMED INJURIES**
According to Plaintiff: Emotional distress.

**CLAIMED DAMAGES**
According to Plaintiff: Lost past and future compensation; damages for emotional distress; punitive damages; Labor Code penalties; interest; attorney fees; and costs.

**SETTLEMENT DISCUSSIONS**
According to Plaintiff: Not reported.

**COMMENTS**
According to Plaintiff: Defendant's motion for JNOV was denied. Defendant's motion for new trial was conditionally denied subject to plaintiff accepting remittitur of punitive damages to $785,000 as excessive. The information for this report was provided by Kenneth J. Rose.

Trials Digest, A Thomson Reuters/West business
San Diego County Superior Court/Chula Vista

**End of Document**                          © 2012 Thomson Reuters. No claim to original U.S. Government Works.